IN THE COURT OF APPEALS OF NORTH CAROLINA

 2022-NCCOA-123

 No. COA20-829

 Filed 1 March 2022

 North Carolina Industrial Commission, File No. 13-719914

 CARMELA BLACKWELL, Employee, Plaintiff,

 v.

 NORTH CAROLINA DEPARTMENT OF PUBLIC INSTRUCTION/BUNCOMBE
 COUNTY SCHOOLS, Employer, SELF-INSURED (SEDGWICK CMS,
 Administrator), Defendant.

 Appeal by Plaintiff from Opinion and Award entered 7 August 2020 by Chair

 Philip A. Baddour, III, for the North Carolina Industrial Commission. Heard in the

 Court of Appeals 7 September 2021.

 Thomas F. Ramer for the Plaintiff.

 Attorney General Joshua H. Stein, by Special Deputy Attorney General Patrick
 S. Wooten, for the State.

 DILLON, Judge.

¶1 This case concerns an injured employee seeking to convert her workers’

 compensation disability award of periodic payments to a lump-sum award.

 I. Background

¶2 Plaintiff is a former high school teacher who was injured while on the job

 breaking up a fight. She was diagnosed with numerous physical and mental injuries.

¶3 The Full Commission found Plaintiff to be permanently and totally disabled
 BLACKWELL V. BUNCOMBE COUNTY SCHOOLS

 2022-NCCOA-123

 Opinion of the Court

 and awarded her weekly benefits. Some time later, Plaintiff requested that her

 award be converted into a single, lump-sum payment, as allowed by N.C. Gen. Stat.

 § 97-44 (2018).

¶4 The Deputy Commissioner denied her request. Her request was likewise

 denied on appeal at the Full Commission. Plaintiff timely appealed to our Court.

 II. Standard of Review

¶5 “[T]he full Commission is the sole judge of the weight and credibility of the

 evidence, [and] appellate courts reviewing Commission decisions are limited to

 reviewing whether any competent evidence supports the Commission’s findings of

 fact and whether the findings of fact support the Commission’s conclusions of law.”

 Deese v. Champion Int’l Corp., 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000). The

 Commission’s findings of fact are conclusive on appeal if supported by competent

 evidence, and its conclusions of law are reviewed de novo. Hilliard v. Apex Cabinet

 Co., 305 N.C. 593, 595, 290 S.E.2d 682, 684 (1982).

 III. Analysis

 A. Lump Sum Award

¶6 The Commission denied Plaintiff’s request based on its belief that a lump-sum

 award was not allowed in any situation where the number of future payments was

 not certain, as is the case here. Specifically, Plaintiff is eligible to receive weekly

 benefits for the rest of her life, however long that might be.
 BLACKWELL V. BUNCOMBE COUNTY SCHOOLS

 2022-NCCOA-123

 Opinion of the Court

¶7 Plaintiff argues that the Commission misapprehended the law. As explained

 below, we agree and remand the matter to the Commission for reconsideration of

 Plaintiff’s request.

¶8 Our Workers’ Compensation Act allows the Commission to allow future

 benefits to be paid in a lump-sum:

 Whenever any weekly payment has been continued for not
 less than six weeks, the liability therefor may, in unusual
 cases, where the Industrial Commission deems it to be to
 the best interest of the employee or his dependents, or
 where it will prevent undue hardships on the employer or
 his insurance carrier, without prejudicing the interests of
 the employee or his dependents, be redeemed, in whole or
 in part, by the payment by the employer of a lump sum
 which shall be fixed by the Commission, but in no case to
 exceed the uncommuted value of the future installments
 which may be due under this Article.

 N.C. Gen. Stat. § 97-44 (2021) (emphasis added).

¶9 The Commission based its denial of Plaintiff’s motion on the clause italicized

 above (the “Uncommuted Value Clause”). The Commission reasoned this clause

 prohibits any lump-sum award which would exceed the sum of the future

 installments that are being replaced. And, here, the number of future installments

 due Plaintiff is unknowable, as her weekly compensation may be terminated upon

 death or upon a showing that she is capable of returning to suitable employment. See

 N.C. Gen. Stat. § 97-2(22). Accordingly, the Commission reasoned, it was not allowed

 to make a lump-sum award as any such award could exceed the amount Plaintiff
 BLACKWELL V. BUNCOMBE COUNTY SCHOOLS

 2022-NCCOA-123

 Opinion of the Court

 would have otherwise received had she continued receiving her benefits in weekly

 installments, something that the Uncommuted Value Clause prohibits.

¶ 10 Our Court, however, has recognized that “[a]wards for permanent disability

 may be paid in weekly installments or in one lump sum.” Freeman v. Freeman, 107

 N.C. App. 644, 654, 421 S.E.2d 623, 628 (1992). Our Court has also upheld a lump-

 sum award under Section 97-44, in Harris v. Lee Paving, 47 N.C. App. 348, 267 S.E.2d

 381 (1980), granted to the surviving spouse of an employee killed during employment.

 Though not expressly noted in that opinion, the number of future installments due

 that spouse was unknowable, as the surviving spouse could have died before all future

 installments she may have been eligible for would have been paid, or she could have

 remarried. See N.C. Gen. Stat. § 97-38 (compensation payable to surviving spouse to

 continue “during her . . . lifetime or until remarriage”). Our Court has never,

 otherwise, interpreted the Uncommuted Value Clause to restrict lump-sum awards

 only in those instances where the number of future installments is certain.

¶ 11 Accordingly, we conclude that the Commission has the authority in unusual

 cases to award a lump-sum, even where the sum of future benefits is not certain, if

 there is competent evidence tending to show how long the plaintiff was reasonably

 likely to have received future benefits. For instance, if the Commission appropriately

 determines that a lump-sum is warranted, it may consider competent evidence

 concerning Plaintiff’s life expectancy. Our General Assembly, for example, has
 BLACKWELL V. BUNCOMBE COUNTY SCHOOLS

 2022-NCCOA-123

 Opinion of the Court

 provided a mortality table—an aid for calculating an individual’s life-expectancy—

 that may be used for lump-sum award calculations:

 Whenever it is necessary to establish the expectancy of
 continued life of any person from any period of the person's
 life, whether the person is living at the time or not, the
 table hereto appended shall be received in all courts and by
 all persons having power to determine litigation, as
 evidence[.]

 N.C. Gen. Stat. § 8-46 (2021). As with other cases involving permanent disability

 where the plaintiff’s life expectancy is an issue, see Gillikin v. Burbage, 263 N.C. 317,

 327, 139 S.E.2d 753, 761 (1965), the Commission may consider this statutory table as

 evidence in determining one’s life expectancy in the context of a workers’

 compensation proceeding.

¶ 12 Our Court in Harris did hold that the phrase “uncommuted value of future

 installments” means that expected future installments may, but need not, be

 “commuted to its present value” by the Commission in calculating a lump-sum award.

 47 N.C. App. at 352, 267 S.E.2d at 384.

¶ 13 However, where a lump-sum award is deemed appropriate, the Commission

 should discount the sum of expected future benefits when there is competent evidence

 available to set an appropriate discount rate. Indeed, there is a “time value of

 money,” where a dollar today is worth more than a dollar tomorrow (or next year).

 Therefore, a plaintiff would receive a windfall if she were to receive today the same
 BLACKWELL V. BUNCOMBE COUNTY SCHOOLS

 2022-NCCOA-123

 Opinion of the Court

 amount that she was to receive in the future over time. Accordingly, it could be

 viewed as an abuse of discretion when the Commission does not discount the value of

 expected future benefits in calculating a lump-sum award where competent evidence

 is available to establish an appropriate discount rate.

¶ 14 Of course, the Commission’s first task is to determine whether a lump-sum

 award is even appropriate in this case. Indeed, Section 97-44 provides that a lump-

 sum award may only be awarded “in unusual cases” where, relevant to this case, the

 award of a lump-sum is in “the best interest of the employee.” The phrase “the best

 interest of the employee” is to be construed very narrowly. One might argue many

 reasons why it would be in the best interest for an employee to have control over the

 money sooner than later. But the plain language of the statute requires that the

 reason must be based on something peculiar in the employee’s case making it

 “unusual.” For example, one could argue that it is in an employee’s best interest to

 have her benefits up-front so she can pay off high-interest credit cards. However, this

 reason would not necessarily be “unusual” as contemplated by Section 97-44.

¶ 15 Further, in determining the appropriateness of a lump-sum award, the

 Commission must be cognizant that the goals of the “Workers’ Compensation Act

 [are] best accomplished through periodic payments” and an award of periodic

 payments is preferred “to prevent the employee [ ] from dissipating the means for

 [her] support and thereby becoming a burden on society.” Harris, 47 N.C. App. at
 BLACKWELL V. BUNCOMBE COUNTY SCHOOLS

 2022-NCCOA-123

 Opinion of the Court

 349, 267 S.E.2d at 383. The fact that the sum of Plaintiff’s future benefits is unknown

 cuts against making a lump-sum award as Plaintiff could outlive her life expectancy

 and, therefore, run out of money for her care, even if properly invested.

 IV. Conclusion

¶ 16 The Commission erred in concluding that a lump-sum award under Section 97-

 44 is never allowed where the sum of future installments is uncertain. We vacate the

 decision of the Commission and remand for reconsideration of Plaintiff’s request.

¶ 17 On remand, the Commission must first determine whether Plaintiff has shown

 her situation to be an “unusual case.”

¶ 18 Should the Commission deem that Plaintiff has met her burden in this regard,

 the Commission may consider any competent evidence, including the table codified

 in Section 8-46, to determine the number of installments that Plaintiff is expected to

 receive under her current award. In calculating the lump-sum award, the

 Commission may discount the expected future installments to a present value.

 VACATED AND REMANDED.

 Chief Judge STROUD and Judge TYSON concur.